[ Argued June 27, 1893; decided July 10, 1893.]

## MING YUE *v.* COOS BAY RAILROAD COMPANY.

[ S. C. 33 Pac. Rep. 641.]*

MECHANICS' LIENS — LAW AND EQUITY.—Under the provisions of the Oregon law retaining the distinction between suits in equity and actions at law, though abolishing the difference in the forms, a complaint for the foreclosure of a mechanics' lien, which does not state a cause of suit, cannot be retained and treated as an action at law to recover money. *Beacannon* v. *Liebe*, 11 Or. 443, approved and followed.

Coos County: MARTIN L. PIPES, Judge.

*See also *Burrage* v. *Bonanza Gold Mining Co.* 12 Or. 169 to the same effect. — REPORTER.

Suit by Ming Yue, Ah Mung, and Ang Ark, partners as Kwong Lee Kee & Co., having their place of business in San Francisco, California, to foreclose an alleged lien on the railroad of the Coos Bay, Roseburg, and Eastern Railroad and Navigation Company. Defendant had a decree on demurrer to the complaint, and plaintiffs appeal. Affirmed.

*J. M. Siglin* (*Bull & Cleary* on the brief), for Appellants.

*J. A. Gray,* and *J. W. Hamilton,* for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

This is a suit in equity to foreclose a mechanics' lien for labor furnished and performed in the construction of the defendant's railroad. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit, which demurrer the court sustained, and, the plaintiffs refusing to further plead, rendered judgment dismissing the complaint, from which judgment this appeal is taken.

The contention for the plaintiffs is, that even if the complaint fails to set out a case for equitable cognizance, it sufficiently states a cause of action for the recovery of the money due for labor performed, and hence, that the court erred in dismissing the suit. In the practice codes of nearly all the states, not only the old forms of action, but the distinctions between actions at law and suits in equity, have been abolished. In this state the distinction heretofore existing between forms of action at law is abolished (section 1, Hill's Code), but proceedings in equity are still kept distinct from actions at law. (Code, chapter V. "Suits in Equity.") In this respect our code system differs from the code system of many other states. In our practice, a suit is in equity, and relates to something of equit-

able, as distinct from legal, cognizance. Section 380, Hill's Code, provides that "The enforcement or protection of a private right, or the prevention of or redress for an injury thereto, shall be obtained by a suit in equity in all cases where there is not a plain, adequate, and complete remedy at law," etc. "The absence of a plain, adequate remedy at law," SWAYNE, J., said, "affords the only test of equitable jurisdiction, and the application of this principle to a particular case must depend altogether upon the character of the case as disclosed in the pleadings": *Watson* v. *Sutherland*, 5 Wall. 79. .

The jurisdiction in equity and law is distinct and independent. Where, therefore, there is a plain, adequate, and complete remedy at law, a court of equity is without jurisdiction to grant relief. If the cause of action involves a purely legal right, it can only be prosecuted and tried at law. In *Phipps* v. *Kelly*, 12 Or. 216, it is said, "A strictly legal right, unaffected by any equitable incident, for which there is a legal remedy adequate and speedy for its enforcement or protection, is not properly a subject-matter within the legitimate province of equity, and of which equity could take cognizance without depriving the defendant of his constitutional rights to a trial by jury." The distinction between actions and suits is not abolished by our Code. In *Beacannon* v. *Liebe*, 11 Or. 443, it was claimed that our Code had so blended law and equity that if the facts alleged in the complaint showed a cause cognizable in equity, although it was brought as an action at law, the court ought not to dismiss it but retain and try it as a suit, but the court refused to accede to this view, THAYER, J., saying: "Our Code, I think, preserves the forms of actions and suits as distinct from each other. There may be no very good reason why the distinction has been retained, but it is too strongly indicated in the Code to be ignored by the courts; and any change made in the practice in that particular must be effected by the

legislative branch of the government. Litigants, in my opinion, will be compelled at their peril to elect as to which of the two jurisdictions they will resort to for relief, so long as the present line of partition between them is kept up." When, therefore, the plaintiffs, being in equity, failed to state in their complaint a cause of suit, notwithstanding they may have stated a cause of action, the court had no jurisdiction to retain and try such action, but was bound to dismiss the suit, and leave the plaintiffs to prosecute their action, if they have one at law.

There was no error and the decree must be AFFIRMED.