Argued May 3, affirmed June 23, 1971

# LIEUALLEN LAND & LIVESTOCK CORPORATION, *Respondent, v.* HEIDENRICH, *Appellant.*

485 P2d 1230

*Milo W. Pope,* Milton-Freewater, argued the cause for appellant. With him on the brief were Galbreath & Pope, Milton-Freewater.

*Donald R. Duncan,* Athena, argued the cause and filed the brief for respondent.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

This litigation arose over a dispute between plaintiff and defendant concerning a crop lease for the growing and harvesting of corn on defendant's land. The trial court entered a decree awarding plaintiff a judgment against defendant for $1348.29, and defendant appeals.

1, 2. At the outset it is necessary to determine whether the matter involved is one at law or in equity. If the cause is a law action, then the rule is well-established that this court is bound by the trial court's decision if there is substantial evidence to support it. On the other hand, the law is equally clear that equity cases are considered de novo in this court.

The caption of the complaint states that the complaint was filed in equity. The prayer is the usual

prayer found in all equity complaints. The case was tried before the court without a jury and was concluded by the entry of a decree in favor of plaintiff.

3. However, it is not the title given to the complaint that determines whether the matter is one at law or in equity. The usual basis for distinction is in the nature of the relief sought. *Carey v. Hays,* 243 Or 73, 77, 409 P2d 899 (1966).

Plaintiff alleged in its complaint that it agreed to lease the defendant's land to plant and harvest a crop and to deliver one-fourth of the crop to defendant as rental; that plaintiff planted the crop, but before maturity the defendant cut and removed the entire crop "and converted same"; that plaintiff made demand on defendant for plaintiff's three-fourths share of the crop but defendant refused to deliver it "or to account for same."

The plaintiff's prayer seeks recovery from defendant of plaintiff's share of the crop at the rate of $9.50 per ton plus interest.

4, 5. It is immaterial to our decision whether plaintiff's right to recover is based on breach of the lease agreement or for conversion; the complaint states a cause of action at law for unliquidated damages. "Equity has no jurisdiction to pass upon a purely legal demand for unliquidated damages." *Nelson v. Smith,* 157 Or 292, 300, 69 P2d 1072 (1937). The fact that the complaint mentions an accounting does not convert the cause into an equity suit. *Carey v. Hays, supra,* at 79. No accounting is necessary to determine the simple question of whether defendant breached the lease, and, if so, the amount of damages due plaintiff.

The sole remaining question is whether there is any

substantial evidence to support the award of damages to plaintiff.

6. The evidence disclosed that plaintiff and defendant entered into an oral agreement whereby the plaintiff leased approximately 35 acres of defendant's land for the purpose of raising a crop of corn. The defendant was to supply the irrigation equipment and to receive one-fourth of the corn crop as his share of the rent. The corn was planted. In October the plaintiff started to harvest the corn, but the chopper broke down and required repairs. After it was repaired, the plaintiff started to harvest some of plaintiff's own corn before returning to defendant's field. The defendant, without notice to plaintiff, contracted with a third party who harvested and purchased the corn. There was ample testimony for the court to find that defendant breached the lease agreement when he harvested and sold the corn crop.

While the defendant does not challenge the court's computation of plaintiff's damages, there was testimony that the crop would have produced 10 to 12 tons per acre. However, the defendant testified that the harvest actually produced 200 tons, or approximately six tons per acre. This lower figure was accepted by the court. There was also testimony that the plaintiff would have received a net amount of $9.50 per ton over expenses of planting, fertilizing, irrigating and harvesting. This amount was also accepted by the court. Various minor offsets were allowed defendant for repair to a pump and for a power bill. The amount of these items is not disputed by either party.

We conclude that there was ample evidence to support the decision of the trial court.

Affirmed.