Argued January 9, affirmed April 2, 1973

BERRY, *Appellant, v.* TRUCK INSURANCE
EXCHANGE ET AL, *Respondents.*

508 P2d 436

DONALD A. W. PIPER, Judge.

*Richard F. Deich,* Portland, argued the cause for appellant. With him on the briefs were Deich, Deich and Hinton, Portland.

*Thomas Cavanaugh,* Portland, argued the cause for respondents. With him on the brief were Schouboe & Cavanaugh, P.C., Portland.

DENECKE, J.

The plaintiff obtained a judgment for personal injuries against defendant Coffman, who is not a party on appeal. She then brought this proceeding against Coffman's liability insurance carriers. In a trial without a jury the court held for the defendants upon the ground that Coffman had breached the provision of the policy requiring him to cooperate with the insurers, including the duty to attend trial and give evidence, and, therefore, the insurers were relieved of their obligation. Plaintiff appeals.

Coffman had been informed of the trial date, had agreed to appear and did not appear. The three issues are, did the insurers sustain their burden of proving that they used due diligence to secure Coffman's appearance, were they prejudiced by his failure to appear, and was Coffman's failure to cooperate a wilful act?

In *Johnson v. Doughty,* 236 Or 78, 385 P2d 760 (1963), there had been no communication between the insurer and the insured about any matter at any time. We affirmed the trial court's decision that the insurer had failed to use due diligence to secure the cooperation of the insured.

In *State Farm Ins. v. Farmers Ins. Exch.,* 238 Or 285, 387 P2d 825, 393 P2d 768 (1964), the insurer

sent a letter to the insured notifying him of the trial date, requesting his presence and offering to pay his expenses. No acknowledgment from the insured was received. The insured never appeared at the trial. We held in a trial de novo that the insurer had failed to prove the use of due diligence.

The facts in this case are that vehicles driven by the plaintiff and Coffman collided in April 1970 in Portland. Coffman was driving a vehicle loaned to him by an auto repair firm. Defendants insured persons driving these loaned vehicles. About three weeks after the collision the defendants secured a statement from Coffman from which it would be inferred that the collision was the fault of the plaintiff, Mrs. Berry, and that she was not injured. At the time of the statement Coffman lived and worked in Portland.

The complaint was served in August 1970 upon the Department of Motor Vehicles. The defendants could not locate Coffman at that time but finally found he was in Westport, Washington. Defendants wrote him a certified letter and Coffman responded by telephone. He had no personal telephone and could only receive mail through General Delivery. A trial date had been set but the defendants had trial postponed because they had not located Coffman. Subsequently, by certified letter and telephone, a conference was arranged for Portland between defendants' attorneys and Coffman. Coffman never appeared at the conference.

As a result of Coffman's failure to appear, defendants asked their Tacoma, Washington, office, which is closer to Westport, to locate Coffman. On January 28, 1971, defendants' representative found Coffman. Coffman said he forgot the appointment in

Portland but he would call the attorney and come to Portland. Coffman called the attorney and said he was coming in the first part of the next week and would notify the attorney of the exact date. Apparently, he did not come to Portland.

We must assume that defendants notified plaintiff's counsel of Coffman's failure to appear and of his address because plaintiff's attorney wrote Coffman telling him if he did not cooperate with his insurance company he would be personally liable for any judgment.

On March 17, 1971, defendants wrote Coffman that the trial was set for April 19, asked him to call collect and told him arrangements for his transportation would be made. Coffman received this certified letter. On April 13 the defendants' representative again came to Westport and contacted Coffman. He offered to drive Coffman to the bus at Aberdeen or Olympia and to buy him a bus ticket at that time. Coffman declined the offers and said he would drive. Defendants' representative offered to advance him his expenses but Coffman refused the offer. He was also asked to call the attorney.

On April 16 defendants' Tacoma representative called Coffman to determine if he had called the attorney. Coffman said he had called the attorney and was going to meet with him on April 19 in Portland. On April 15 or 16 the attorney reached Coffman by telephone, confirmed the trial date, and again offered to pay his bus, meals and lodging. He arranged for Coffman to come to the attorney's office the day the trial was to commence. Coffman asked if he would be paid lost wages. The attorney checked and called Coffman back and said the insurance company would pay

$25 per day if he lost wages. The attorney also gave him the telephone number of defendants' representative in Aberdeen, a town about 25 miles from Westport, and told him to call there if any problems arose.

When Coffman did not appear at the time set, the attorney called Westport and was told by a woman who knew Coffman that she thought Coffman had taken the bus to Portland. The attorney tried unsuccessfully to reach him all during the trial which carried over until the next day. There is no evidence of what happened to Coffman.

At the commencement of the trial, after Coffman had not appeared, the attorney retained by defendants for Coffman attempted to withdraw from his representation. His motion was denied and he was ordered to proceed with the trial.

■ We hear this case de novo and upon the evidence stated we find that the insurers did use due diligence.①

The defendants used considerable diligence in locating Coffman after he left Portland. Once Coffman was contacted, defendants constantly renewed that contact by correspondence, telephone and personally; they interviewed Coffman personally less than a week before trial. Defendants offered to reimburse Coffman for any expense he would have or loss he would incur by coming to trial. They offered to drive him to towns where there were buses frequently and quickly going to Portland.

---

① The defendants contend this is not an equitable proceeding in the nature of a creditor's bill as we held in State Farm Ins. v. Farmers Ins. Exch., supra (238 Or at 293). Their contention is that this is a law action and there is evidence to sustain the trial court's findings; therefore, we must affirm. In view of our decision that as triers of fact we find for the insurers, we need not answer this contention.

Plaintiff also contends the defendants did not prove Coffman's failure to appear prejudiced defendants. *Bailey v. Universal Underwriters Ins.,* 258 Or 201, 474 P2d 746, 755, 482 P2d 158 (1971), held that in order for noncooperation to provide a defense, the insurer must prove it was prejudiced by the lack of cooperation. Plaintiff asserts that defendants should have taken Coffman's deposition and introduced his testimony in that manner. In the absence of a deposition plaintiff contends defendants should have produced Coffman's statement and plaintiff may have stipulated to its admission if her counsel had an opportunity to examine it. In his statement Coffman stated he was "pulling up" to a stop sign and Mrs. Berry "rear ended" him. Mrs. Berry alleged in her complaint against Coffman that he backed out of a parking lot into her as she was driving down the street.

■ Defendants' attorney testified that in his opinion the defense was prejudiced by the absence of Coffman. We know that it is usually advantageous to have the client personally present at counsel table although we do not hold that the client's absence alone is necessarily sufficient proof of prejudice. In this case Coffman was the principal, if not the only, favorable witness available to the defense. His deposition or statement, particularly when no good reason could be given to the jury for his absence, is an inadequate substitute for a live party witness.

■ We find that Coffman's failure to appear did prejudice the defense.

■ We held in *State Farm Ins. v. Farmers Ins. Exch.,* supra (238 Or at 304-305), that the insured's failure to appear is a breach of the cooperation clause

only if his failure is wilful. There is no direct evidence on this issue; however, we find that the most reasonable inference to be drawn from the evidence is that Coffman wilfully absented himself from the trial.

Affirmed.

TONGUE, J., concurs in the result.