ROSALEZ, *Respondent,*
*v.*
UNIGARD INSURANCE CO., *Appellant.*
(No. 20665, SC 25259)
581 P2d 945

Terrence B. O'Sullivan of Merrill and O'Sullivan, Bend, argued the cause and filed briefs for appellant.

Roy Kilpatrick, Mt. Vernon, argued the cause and filed a brief for respondent.

BRYSON, J.

**BRYSON, J.**

Plaintiff brought this action against defendant insurance company pursuant to ORS 743.783.[1] Plaintiff had previously recovered judgment against Timothy Girsberger, defendant's insured, in an action for personal injuries arising out of an automobile accident which occurred September 2, 1973. Plaintiff's judgment against Girsberger remained unsatisfied. The case at bar was tried to the court, and the parties stipulated "the only issue before the Court is whether or not there was a violation of the terms of the [insurance] policy that is contained in the affirmative defense, therefore the burden is upon the defendant to prove it."

■ Defendant's affirmative defense alleged the pertinent portion of Girsberger's insurance policy with defendant at the time of the accident and that Girsberger violated the terms of the policy by failing to "inform Defendant of his whereabouts and further failing to assist in making any settlement in the conduct of Case Number 5566, failing to give assistance in obtaining evidence and the attendance of witnesses, and failing to attend the hearing and trial held on January 22, 1976. Said conduct operated to the prejudice of Defendant in defending Case Number 5566."

The trial court entered judgment in favor of plaintiff, and defendant appeals. Defendant's sole assignment of error is:

"The Court erred in finding that the Defendant had failed to sustain its burden of proving willful non-cooperation, diligent effort and prejudice."

_____

[1] ORS 743.783 provides in part:

"* * * If any person or his legal representative shall obtain final judgment against the insured because of any such injuries, and * * * if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the insurer to recover the amount of such judgment, *either at law or in equity,* but not exceeding the limit of this policy applicable thereto." (Emphasis added.)

[ 65 ]

As a preliminary matter, defendant contends that this case is one in equity and that this court reviews de novo. Prior to trial, both parties joined in a motion to the trial court to determine if this case was one in equity or in law. The presiding judge issued a memorandum opinion, holding that the case was one at law. The defendant's brief in this court makes no reference to the written opinion of the trial court, which appears in the trial court file, and has not assigned that ruling as error. Moreover, ORS 743.783 provides that plaintiff may proceed "either at law or in equity."

Defendant relies on *Berry v. Truck Insur. Exch.,* 265 Or 130, 508 P2d 436 (1973), for its contention that we review this case de novo; however, in that case we expressly declined to decide whether the case could be treated as one at law or in equity, stating, "[t]heir [defendants'] contention is that this is a law action and there is evidence to sustain the trial court's findings; therefore, we must affirm. In view of our decision that as triers of fact we find for the insurers, we need not answer this contention." 265 Or at 134, n 1. In *State Farm Ins. v. Farmers Ins. Exch.,* 238 Or 285, 387 P2d 825, 393 P2d 768 (1964), we considered that case as being one "in the nature of a creditor's bill." However, in that case the pleading, as mentioned in the opinion, was in the nature of a creditor's bill praying for certain relief. In the case at bar the plaintiff brought an action at law and demanded judgment in the amount she had recovered in her previous case against the insured, Girsberger. Also, in deciding *State Farm Ins. v. Farmers Ins. Exch., supra,* we implicitly conceded that the proceeding could also be brought as an action at law because of the language in ORS 743.783 (then ORS 736.320).

In the case at bar the trial court held that the proceeding was at law, and defendant did not assign that holding as error. Also, the case was tried as one at law in the trial court. We conclude from the pleadings and the trial record that this is an action at law.

Therefore, we do not reverse the trial court on a question of fact unless there is no competent evidence to support his finding. *Sipe v. Pearson,* 276 Or 715, 719, 556 P2d 654 (1976).

■ In *State Farm Ins. v. Farmers Ins. Exch., supra* at 293, we held that "an insurer must make a substantial showing of diligence before it can successfully rely on the defense of noncooperation." We also held, at 304:

> "* * * The cases generally support the view that the cooperation clause is not breached if the insured's failure to attend is not willful. Some cases, perhaps a majority, require that insurer show prejudice to its position. * * *" (Footnotes omitted.)

Briefly, the evidence in this case shows that the accident occurred on September 2, 1973. Girsberger gave notice of the accident to defendant by telegram sent September 10 and received on September 12, 1973. He left Portland for London, England, on September 19, 1973, 17 days after the accident. Girsberger and his wife had been married in England, and her parents lived in England. Girsberger's parents resided in Salem, Oregon. Defendant contacted the parents of Girsberger on January 10 and February 14, 1974, and "March —, 1975," and learned that Girsberger was employed at Lockenheath Air Force Base in England. The steps taken thereafter by defendant to contact Girsberger were obviously lacking if defendant seriously desired to notify Girsberger. The jury trial in the negligence case against Girsberger was had on January 22, 1976. Girsberger received no communication from defendant insurance company prior to the trial against Girsberger. There is no evidence that defendant attempted to give notice of the time and place of the trial, and it asked for no continuance. Defendant offered no evidence to prove that Girsberger had ever received actual notice of the trial. The evidence shows clearly what the defendant failed to do in an effort to contact Girsberger. It is interesting to note that the adjuster for plaintiff's insurance company contacted Girsberger on September 6, 1973,

four days after the accident, and obtained a statement from him. The evidence is also clear that in the negligence case against Girsberger, the car in which plaintiff was a passenger and Girsberger's car were approaching each other in opposite directions on Highway 97 when Girsberger made a left-hand turn in front of the approaching car.

The trial court found:

"* * * This Court cannot infer that Girsberger's leaving the Madras area was an effort on his part to avoid cooperation with the company in its investigative efforts. Obviously, he could not attend a trial of which he had no notice. There are other reasonable inferences against willfulness, e.g. — a belief that his company would settle a case in which his negligence was a foregone conclusion, or that he could not return to the United States except at great personal hardship."

A finding that Girsberger's noncooperation was willful would have been mere speculation on the part of the trier of facts, and the court did not err in finding that defendant failed to prove that Girsberger refused to cooperate and willfully failed to attend the trial. *Johnson v. Doughty,* 236 Or 78, 385 P2d 760 (1963), is similar to the case at bar. There the defendant Doughty left the state of Oregon and was thought to be in California. As a result, there had been no communication between the insurer and the insured at any time prior to the trial. We stated, at page 83:

"* * * The evidence creates a strong inference that the insurer did not want to locate Doughty under the circumstances of the case. Under such circumstances, the mere fact that Doughty disappeared is insufficient to show lack of cooperation. * * *"

Regardless of whether defendant used good faith in attempting to locate Girsberger, we conclude that in this case there is substantial evidence to support the trial court's finding that the defendant failed to prove that its insured willfully avoided cooperation.

Affirmed.