Argued and submitted January 14, affirmed March 31, 1980

McCLORY, et al, *Respondent - Cross-Appellant,*
*v.*
GAY, et ux,
*Appellants - Cross-Respondents,*
(No. 77-1644-E-3, CA 13611)
608 P2d 1213

Michael E. Swaim, Salem, argued the cause for appellants - cross-respondents. With him on the briefs were Cecil H. Quesseth, Salem, and Jerry E. Gastineau, Medford.

Steven P. Pickens, Medford, argued the cause and filed the briefs for respondent - cross-appellant.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Defendants appeal the judgment of the trial court, sitting without a jury, awarding them damages on their counterclaim, contending the damages were insufficient. Plaintiff cross-appeals, contending the damages awarded defendant were not justified by the evidence. Both parties contend our review is *de novo.* The threshold question is whether we review this matter as an action in law or as a decree in equity.

Plaintiff, a building contractor, filed a suit in equity to forclose a mechanic's lien in the amount of $7,675, for the balance due on a contract for construction of a dwelling on real property owned by defendants. In their answer, defendants asserted a legal counterclaim against plaintiff for breach of the construction contract. The trial court entered a decree foreclosing the lien. The court allowed defendants' setoffs for sums paid by defendants directly to subcontractors and a setoff of $2,500 damages on their counterclaim for defects in workmanship. The lien was foreclosed in the net amount of $1,645.66. The only issue involved in this appeal is the amount of damages awarded on defendants' counterclaim.

A suit to foreclose a mechanic's lien is an equitable matter, *Ming Yue v. Coos Bay R. R. Co.,* 24 Or 392, 33 P 641 (1893). Our review of decrees in equity is *de novo,* ORS 19.125(3). A claim for damages for breach of a contract is an action at law. If the cause is a law action, the rule is well established that the appellate court is bound by the trial court's decision if there is competent evidence to support the judgment. *Rosalez v. Unigard Insurance Co.,* 283 Or 63, 581 P2d 945 (1978); *Lieuallen v. Heidenrich,* 259 Or 333, 485 P2d 1230 (1971).

The case began as a suit in equity, was tried to the court without a jury and was concluded by entry of a decree. However, it is not the title given to the pleading or the fact a decree was entered that determines

whether the matter is one at law or equity. The distinction is in the nature of the relief sought. *Lieuallen v. Heindenrich, supra; Carey v. Hays,* 243 Or 73, 409 P2d 899 (1966). Defendants' counterclaim sought damages for plaintiff's breach of the construction contract. The relief sought denominates the counterclaim as an action at law, and we review it in that light.

Defendants presented evidence of a number of claimed defects in the construction and evidence of the cost of curing these defects. There was conflicting evidence presented by plaintiff on the number and types of construction defects as well as the cost of repair. The trial court was required to assess the weight and credibility of the evidence in arriving at the amount of damages. There was competent evidence to support the judgment on defendants' counterclaim.

Affirmed.