Argued and submitted July 14, affirmed as modified November 3, 1980

WHITE,
*Appellant - Cross-Respondent,*
*v.*
REGER,
*Respondent - Cross-Appellant,*
ARNOLD et al,
*Respondents.*

(No. A77-04-06089, CA 13830)

618 P2d 1304

George E. Birnie, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Roger Tilbury, Portland, argued the cause for respondent - cross-appellant Donald E. Reger. With him on the

briefs were Roger Tilbury, Mark Wehrly, and Haessler, Stamer & Tilbury, Portland.

No appearance made by respondent J. R. Arnold.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

This is a suit for the balance due under a contract by which plaintiff sold to defendants his interest in an insurance agency partnership. The parties were partners in an insurance agency business in Portland until 1974, when plaintiff retired. In the agreement by which he sold his share of the partnership to defendants, who continued as partners, plaintiff was to receive one-third of the partnership's annual net profits each year for ten years, each payment to be computed on the basis of net profits earned the previous year. The agreement specified that in no event should the payment be less than $12,200 or more than $15,667.[1] Any amount over $12,200 was to be calculated as a percentage of the profits in excess of $36,600, up to the maximum specified.

Defendants paid the first installment of $15,667 in April of 1976. The partnership of defendants Reger and Arnold was thereafter dissolved on November 30, 1976, and no further payments were made to plaintiff. Plaintiff brought this suit in equity based on two causes of action and one cause of suit: one to recover the second installment of $15,667 under the contract, a second cause of action on an implied contract for the entire balance of $141,003, and a third cause of suit seeking a temporary restraining order to restrain disposition of the remaining partnership assets. Defendant Reger answered and raised as an affirmative defense a request that the purchase agreement be reformed to reduce the amount due plaintiff by $9,716.75, alleging this sum, the estimated value of plaintiff's goodwill in the business, had been mistakenly paid to plaintiff in cash at the time of the sale.

---

[1] The purchase agreement provides in pertinent part:

"4. In accordance with the Partnership Agreement of January 1, 1973, and Section 736(a) of the Internal Revenue Code of 1954 as amended, the Partnership shall pay one third (1/3) of the Partnership annual net profits to Mr. White each year for a period of ten years commencing with the first payment April 15, 1976, computed upon the net profit for the calendar year 1975; provided, however, that the amount of each such annual payment shall not in any event be less than $13,200 nor more than $15,667."

Apparently all parties agree the $13,200 figure was a scrivener's error and should have been $12,200. The trial court so found.

The trial court ordered defendants to pay plaintiff $12,200 per year until 1985, beginning with the 1977 payment, plus 7 percent interest as provided in the agreement for amounts overdue. Defendants were awarded a judgment against plaintiff for the sum of $9,716.75 and the additional sum of $6,252.93, found by the court to be the amount of unauthorized items of expense due from plaintiff to the partnership.[2] The purchase agreement was also reformed by deducting $9,716.75 from the amount due.

Plaintiff appeals from those portions of the decree awarding him only the minimum sum specified in the agreement of purchase, and reforming the purchase agreement. On cross-appeal, defendant Reger seeks a rescission of the contract, claiming failure of consideration for the purchase agreement.[3]

In order to determine the scope of our review, we must first consider whether plaintiff's claim was properly brought as a suit in equity or whether it is an action at law. Counsel for defendant Reger argued to the court on appeal that this is an action at law for breach of contract. Plaintiff, on the other hand, contends it is a suit in equity because it includes a claim for injunctive relief, and that our review should therefore be *de novo*.

To decide this threshold issue, a glimmer of illumination may be provided by reviewing the complicated procedural maneuverings of the parties and we digress briefly to do so. Plaintiff sold his share of the partnership to defendants on August 30, 1974. The surviving partnership, that between defendants Reger and Arnold, was dissolved by written agreement on November 30, 1976. The complaint in this action, *White v. Reger and Arnold,* Multnomah County Circuit Court No. A77-04-06089, was filed on April 27, 1977, as a "Complaint in Equity for Temporary Restraining Order and Recovery of Contract Payment." It sought injunctive relief to restrain disposition of the partnership assets during the winding up of the affairs between defendants, and the sum of $15,667, which came due under the sales agreement on April 15, 1977. An amended

---

[2] Plaintiff does not appeal from the $6,252.93 judgment.

[3] Defendant Arnold filed no brief and made only a general apearance below.

complaint seeking the same relief was filed July 13, 1977. On July 29, 1977, a complaint for dissolution of the partnership, *Arnold v. Reger,* Multnomah County Circuit Court No. A77-07-10685, was filed.

On April 20, 1978, plaintiff White filed, in the suit before us, an amended and supplemental complaint in equity adding a claim for the second payment, calculated to be $13,200, which had become due on April 15, 1978. On June 9, he filed the final "Amended Complaint in Equity for Restraining Order and Recovery of Price," upon which he proceeded to trial. This sought the $15,667 payment due in 1977, the restraining order, and $141,003, said to be the reasonable value of his one-third share of the original partnership. This new claim was brought on an implied contract theory.

The partnership dissolution case went to trial first, on October 3, 1978. On November 30, 1978, the case before us, which was then pending, was consolidated with the dissolution case and a second case, *Arnold v. Bowes,* Multnomah County Circuit Court No. A78-11-18600. It was stipulated that evidence already taken in the dissolution could be used in determining the issues between plaintiff White and the defendants in this case. A judgment was entered in this action on March 2, 1979, and a final decree of accounting in the dissolution on August 3, 1979. Appeals were taken in both. The appeal from the dissolution was dismissed on December 19, 1979, by stipulation of full settlement and compromise. The appeal in the original case is the one before us.

■ ■   Plaintiff's cause of action is not necessarily one in equity merely because he chooses to term it so. It is the role of this court to look at the true nature of the underlying claim and determine on the basis of relief sought, whether the claim is one at law or in equity. *Lieuallen Land & Livestock Corp. v. Heidenrich,* 259 Or 333, 485 P2d 1230 (1971). We disagree with plaintiff's contention. The claim for injunctive relief, though contained in the pleadings, was not raised below, and plaintiff concedes this in his abstract of the trial record. Plaintiff's claim, reduced to its final terms, was on an express contract for a payment due, and on an implied contract for the balance. It is thus an

action at law, and we review accordingly. Or Const, Art VII, § 3. ORS 19.125(1). We affirm the trial court's decree, except as to the reformation of the purchase agreement, which we delete from the decree.

Neither party in this case has contended that the dissolution of the partnership ends the partners' contractual obligations. *See Platt v. Henderson,* 227 Or 212, 232-33, 361 P2d 73 (1961), ORS 68.520. The sole issue as to the contract is whether the trial court was correct in determining that, the partnership having been dissolved, only the minimum amount specified in the agreement was due. Where the language of the contract is clear and unambiguous, it is the role of the court to interpret it and declare its effect. *Rolfe v. NW Cattle and Resources Inc.,* 260 Or 590, 491 P2d 195 (1971); *Libby Creek Logging Inc. v. Johnson,* 225 Or 336, 358 P2d 491 (1961).

■ The agreement was that plaintiff was to be paid a share of the partnership's annual profits each year; there were no provisions covering the basis for payments should the remaining partnership dissolve. However, the agreement also provided that "in any event" the annual payment should not be less than $12,200. Any sum in excess of $12,200 could only be calculated as a percentage of those profits in excess of $36,600. It is axiomatic that once the partnership had dissolved, there were no profits at all upon which to calculate plaintiff's share. The trial court was correct in ordering payments under the· purchase agreement and refusing to order payment of the entire balance, since the underlying contract was found to be valid. *The Kashmir Corporation v. Patterson,* 289 Or 589, 593, 616 P2d 468 (1980).

We turn next to the court's order reforming the agreement to reduce it by $9,716.75, awarding defendants a judgment for that amount, and ordering that sum offset against the amounts due from defendants to plaintiff.

Defendant Reger raised this issue as an affirmative defense claiming plaintiff had been paid the value of his goodwill twice, once as part of the cash payment for his share of the capital account,[4] and again as part of an

---

[4] Though the purchase agreement specified that the payment of the capital account share be made in four equal yearly installments, plaintiff was paid the entire sum at the time of his withdrawal from the partnership.

industry-wide formula used in calculating the total value of the business, of which plaintiff was to receive one-third, to be paid over ten years. It is clear from defendant's pleadings at trial, and plaintiff's arguments on appeal, that initially the error was alleged to be that plaintiff received goodwill payments twice. The trial court, however, made a different finding. The court found plaintiff was paid the $9,716.75 under the capital account as a mutual mistake of fact when that amount was included in the balance sheet along with the firm's "hard assets." The court correctly awarded defendants a judgment for the amount on that basis.

The purchase agreement makes it clear that the capital account to be divided was based upon the fair market value of the tangible holdings of the company.[5] Defendant's witnesses stated that under accepted accounting principles there is no cash accounting to a withdrawing partner for goodwill.

Further, though the parties are free to make an agreement to pay a withdrawing partner for goodwill, these parties made no such agreement. The original partnership agreement defined the capital account of each partner as "his interest in the capital of the partnership" increased by contributions to capital or any contingency reserve and decreased by his share of capital reductions or losses. The "capital" of a partnership is money contributed by the partners for the purpose of carrying on the business. *M & C Creditors Corp. v. Pratt,* 17 NYS2d 240, 258-59, 172 Misc 695 (1938). *Cf. American Life Ins. Co. v. Ferguson,* 66 Or 417, 423, 137 P 1029 (1913).

The trial court found that the parties had not provided for any "capital" payment to a departing partner on the basis of goodwill, and that the $9,716.75 payment to plaintiff was made solely on the basis of an oversight in neglecting to remove the $29,000 goodwill figure from the balance sheet before calculating plaintiff's share of the

---

[5] The purchase agreement provides in pertinent part:

"(3) The Capital Account of the Partnership shall be adjusted to reflect the fair market value of any real property, securities or other investments owned by the Partnership as a part of its Capital Account so that the fair market value of such property is substituted for its book value in determining the amount of the Capital account. * * *"

capital account. There is substantial evidence to support that finding. Therefore, that portion of the decree awarding defendants a judgment against plaintiff for $9,716.75 was proper. However, because the court ordered this sum offset against the amounts due plaintiff, it was error, in addition, to reform the portion of the purchase agreement relating to future payments to deduct this same amount.

In separately ordering an offset *and* a reduction in future payments to plaintiff, the court is ordering plaintiff to repay the $9,716.75 twice. While the court properly found that the parties did not intend any payment for goodwill, and the evidence supports this, we disagree that plaintiff was paid twice. Payment each year was to be made on the basis of net profits only, not on a valuation of the firm. We conclude plaintiff received a goodwill payment only once, in cash, as his share of the capital account, that this payment was an error in calculation on the part of all three parties and was properly ordered refunded. Because we find there was no provision for payment for goodwill in the purchase agreement, there is no reason to reform the agreement to subtract it. To do so requires plaintiff to pay back twice what he only received once.

■ Finally, we consider defendant's cross-appeal for rescission of the contract for failure of consideration. Defendant alleges that the total consideration to him for signing the purchase agreement was an agreement that the firm would take in a younger man as a new partner. Plaintiff is alleged to have known of this agreement and, with co-defendant Arnold, to have blocked it. However, nowhere is this promise or expectation made a part of the signed agreement among the three, and there is no evidence that plaintiff was even aware of defendant Reger's desires. The trial court properly held Reger's increase from a one-third to a one-half share of the partnership to be adequate consideration for the agreement to purchase.

In summary, that provision of the decree relating to reformation of the purchase agreement is deleted. The provision ordering defendants to pay plaintiff $12,200 per year from 1977 to 1985, with 7 percent interest per annum until paid is affirmed, as is the judgment against plaintiff for $9,716.75.

· Affirmed as modified.