Argued and submitted March 31, affirmed September 15, 1982

NOURIGAT,
*Appellant,*
*v.*
PREFERRED RISK MUTUAL
INSURANCE COMPANY,
*Respondent.*

(No. A8007-04325, CA A21717)

650 P2d 1075

Douglas M. Fellows, Portland, argued the cause and filed the brief for appellant.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief was Canning, Tait & McKenzie, Oregon City.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The sole issue before the trial court was whether plaintiff's judgment debtor Stanford Cody was insured under defendant's liability insurance policy issued to the Beaverton Christian Church (church). Plaintiff appeals from a trial court judgment order in favor of defendant.

Plaintiff's motorcycle collided with a tractor which was being driven by Cody. The tractor had been sold by the dealer to the church, but was not titled or registered. It had been paid for by Cody and another person, Tinker. Cody traded in his old tractor as a down payment, and the balance of the purchase price was paid by Tinker. Tinker claimed a tax deduction for the money he paid on the tractor; Cody did not claim a tax deduction. The tractor was described on the scheduled property form of the liability policy issued by defendant to the church. It was stored on Tinker's property adjacent to the church from the date it was purchased until the collision and was generally available for the personal use of any member of the church. On the day of the collision, Cody was driving the tractor to his home to rototill his property.

Plaintiff first contends that the trial court erred in finding that the tractor was "mobile equipment" excluded under the church's liability policy. Under that policy an "insured" includes:

> "(e)   with respect to the operation, for the purpose of locomotion upon a public highway, of *mobile equipment registered under any motor vehicle registration law.*
>
> "  * * * * *
>
> "(ii)   any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured * * *."

The definition section of that policy provided that:

> " 'mobile equipment' means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) *not subject to motor vehicle registration,* or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off

public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment." (Emphasis added.)

Plaintiff maintains that the person insured section of the policy conflicts with the definition section and that this ambiguity should be resolved in favor of finding coverage. *See General Acc. Fire and Life v. Shasky,* 266 Or 312, 317, 512 P2d 987 (1973). That rule of construction is only

" * * * applicable when a policy provision, because of the insurer's choice of language, is reasonably susceptible of more than one meaning. It is not a device for creating insurance coverage by attributing possible but unlikely meaning to the terms employed without some basis in the policy for doing so. * * *" *Western Fire Insurance Co. v. Wallis,* 289 Or 303, 308, 613 P2d 36 (1980).

*Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 300, 613 P2d 32 (1980).

■ Plaintiff's proposed construction of the policy would render the person insured section meaningless. The two sections must be construed together to find the intent of the contracting parties. Construing them together, we conclude that permissive users, such as Cody, were insured only if they were operating mobile equipment that was "registered under any motor vehicle registration law." The tractor here fits within subsections (1), (2) and (3) of the policy's definition of mobile equipment. However, it was not registered under any motor vehicle law, nor was it subject to registration. *See* ORS 481.015(7); ORS 481.075(2)(e). We conclude that the trial court correctly found that Cody was not insured under defendant's policy.

■ Plaintiff next contends that the trial court erred in failing to find that Cody was acting in the capacity of "real estate manager" for the church at the time of the collision. The church's policy extended coverage to:

"(d) any person (other than employee of the named insured) or organization while acting as real estate manager for the named insured; * * *."

The court found that at the time of the collision Cody was not "fulfilling any functions as a deacon or representative of the Church" and that he had borrowed the tractor for his personal use. We are bound by the trial court's factual findings if competent evidence supports those findings. *McClory v. Gay,* 45 Or App 561, 563, 608 P2d 1213 (1980); *see also Rosalez v. Unigard Insurance Co.,* 283 Or 63, 67, 581 P2d 945 (1978); ORCP 62F. Competent evidence supports the court's findings. We find no error.

■     In the alternative, plaintiff contends that Cody was acting within the scope of his duties as a vestryman, warden or member of the board of governors of the church. Cody was driving home to rototill his property. The evidence supports the court's finding that Cody was not acting within the scope of his duties as an officer or agent of the church at the time of the collision. We find no error.

■     Plaintiff last contends that the tractor constituted a "hired automobile" under the policy. The policy provided that:

"The Company will pay on behalf of the Insured, all sums which the Insured shall become legally obligated to pay as damages because of:

"1. bodily injury * * *

" * * * caused by occurrence arising out of the use of a hired automobile; * * *."

In defining a "hired automobile," the policy specifically excludes vehicles owned by the church:

" 'Hired automobile' shall mean a land motor vehicle * * * used under contract in behalf of, or loaned to, the named insured provided such automobile is not owned by * * * (a) the named insured * * *."

Plaintiff argues that the tractor was not owned by the church. The trial court found otherwise. That finding is supported by competent evidence. We find no error.

Affirmed.