PER CURIAM.
Auto-Owners Insurance Co. challenges a summary judgment granted to St. Paul Fire and Marine Insurance Co. in Auto-Owners’ action seeking a declaratory judgment regarding coverage under an insurance policy issued by St. Paul. We affirm.
This dispute arose following an accident involving an automobile and a forklift. The forklift was owned by Acme Acquisition Corp., Inc., which was in the business of renting heavy equipment. It had rented this forklift to Southern Grassing & Sod, Inc., whose employee was driving it on the road at the time of the accident. Auto-Owners insured Southern Grassing under a commercial general liability policy with limits of $1,000,000. St. Paul had issued a $1,000,000 commercial general liability policy to Acme. As Southern Grassing’s insurer, Auto-Owners settled the accident claim by paying the occupants of the automobile $750,000 in exchange for a full release which included Acme and St. Paul. Thereafter, St. Paul refused to reimburse Auto-Owners for any portion of the settlement payment.
*219 After Auto-Owners filed this suit, St. Paul sought and obtained a summary judgment in its favor on two bases. As to Acme’s vicarious liability as owner of the forklift, St. Paul pointed out that its policy could not be reached because the Auto-Owners policy insuring the actively negligent party had not been exhausted. See Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla.1986). Moreover, St. Paul did not itself insure the negligent party directly, because Southern Grassing’s driver was not a “protected person” in the St. Paul policy. In this appeal, Auto-Owners disputes the latter contention.
The St. Paul policy in question provides in part that “[a]U operators of registered mobile equipment are protected persons for their driving of such equipment on a public street or road with your permission.” “Registered mobile equipment” is defined as “mobile equipment that’s registered in your name under any motor vehicle registration law.” Further,
Mobile equipment means any land vehicle that:
• is designed for use primarily off public streets or roads;
• is kept for use only on or next to premises you own, rent or lease;
• travels on crawler treads;
• is kept primarily for the ready movement of permanently attached construction equipment; or
• doesn’t travel under its own power and is kept primarily for the ready movement of permanently attached specialized equipment.
Acme’s forklift fell within the definition of “mobile equipment” under the policy because it was designed for use primarily off public streets or roads. But St. Paul maintained that Southern Grassing’s driver was not covered under the policy because the forklift did not meet the definition of “registered mobile equipment.” Indeed, the forklift was not registered, and both parties acknowledge that it was not required to be registered under Florida’s motor vehicle registration law. Cf. Crane Rental of Orlando, Inc. v. Hausman, 518 So.2d 395 (Fla. 5th DCA 1987) (noting that a self-propelled crane is not a motor vehicle for purposes of the registration statute); Montanez v. State, 377 So.2d 980 (Fla. 2d DCA 1979) (holding that a motor grader is not a motor vehicle for purposes of the registration statute).
Auto-Owners argues that, because the forklift is not required to be registered in Florida, the provision for coverage of “registered mobile equipment” is ambiguous, and application of the registration qualifier leads to the absurd result that the provision furnishes no coverage. We disagree. We have found no decision addressing this particular policy provision, but its language is not ambiguous. Because the forklift was not registered, its permissive user was not a “protected person” under the St. Paul policy. See Nourigat v. Preferred Risk Mutual Ins. Co., 59 Or.App. 362, 650 P.2d 1075 (1982) (applying similar policy language to determine that driver of unregistered tractor was not insured).
Nor is the permissive user coverage provision rendered meaningless by the fact that the forklift is not required to be registered under the motor vehicle registration statute. Although some types of “mobile equipment” would fall outside the permissive user coverage on this basis, some types would not. See, e.g., Doty v. Safeco Ins. Co., 400 So.2d 718 (La.App.1981) (applying similar policy language to determine that permissive driver of pickup truck onto which welding equipment was bolted and welded was insured because he was operating registered mobile equipment).
For the foregoing reasons, we affirm the judgment.
PATTERSON, C.J., NORTHCUTT, and GREEN, JJ., Concur.