MEMORANDUM *
Orenoco East Village, LLC; Simpson Housing Limited Partnership, LLP; Palo- *626 ma, LLC; and Great West Contractors, LLC (collectively “Intervenors”) appeal the district court’s grant of summary judgment in favor of plaintiff Assurance Company of America (Assurance) and denial of Intervenors’ summary judgment motion in an action seeking a declaration that Assurance has no obligation to defend and indemnify its insured, MDF Framing, Inc. (MDF), due to MDF’s failure to cooperate in Assurance’s attempt to defend MDF in an underlying state court action. We affirm.
The district court’s jurisdiction was premised solely on diversity of citizenship under 28 U.S.C. § 1332. We were unable to determine conclusively from the district court record whether Intervenors were completely diverse from Assurance, so we directed that Intervenors submit supplemental evidence. That evidence establishes that Intervenors are completely diverse from Assurance, so our jurisdiction is proper under 28 U.S.C. § 1291.
We hold the district court did not err in granting summary judgment to Assurance. We assume without deciding that the district court erred in finding Intervenors could not challenge allegations in the complaint deemed admitted by MDF due to its default in this action and therefore consider all the evidence Intervenors submitted in the summary judgment proceedings. Even so, and viewing the evidence in the light most favorable to Intervenors, we conclude Assurance established each element necessary to prevail as a matter of law on its failure to cooperate claim against MDF. See Rosalez v. Unigard Ins. Co., 283 Or. 63, 581 P.2d 945, 947 (1978) (holding insurer’s obligations can be relieved under insurance contract’s failure-to-cooperate clause only upon showing that (1) insurer diligently sought insured’s cooperation, (2) insured willfully failed to cooperate and (3) insured’s failure to cooperate prejudiced insurer).
1. Assurance satisfied its due diligence obligation. See State Farm Mut. Auto. Ins. Co. v. Farmers Ins. Exchange, 238 Or. 285, 387 P.2d 825, 829 (1963) (holding insurer must make “substantial showing” of diligence). Assurance and Wendy Paris, the lawyer Assurance retained to defend MDF, made repeated efforts over a six-month period to obtain MDF’s consent to Ms. Paris’ representation of MDF. After receiving no response to several letters sent to MDF’s registered agent, Otto Foster, Jr., or to voice messages Ms. Paris left for Foster, Assurance personally served a letter on Foster explaining Ms. Paris could not appear on behalf of MDF in the underlying action unless MDF consented to representation. Thus, Assurance has done more than “simply ... showing that one or more letters were directed to the insured requesting his [cooperation].” State Farm Mut. Auto. Ins. Co. v. Farmers Ins. Exchange, 238 Or. 285, 393 P.2d 768, 769 (Or.1964) (on rehearing). As Intervenors’ insurance expert pointed out, an insurer must meet a “high degree of diligence in making efforts to locate the insured, including inquiries at all former addresses and from employers, neighbors and relatives,” Bailey v. Universal Underwriters Ins. Co., 258 Or. 201, 474 P.2d 746, 758 (1970) (emphasis added), but Assurance knew Foster’s location and knew he had received the personally served letter. Given Foster’s non-response to the correspondence and phone calls, we conclude Assurance reasonably believed Foster was refusing consent to the offered defense.
Intervenors’ evidence about a different lawyer Assurance retained to defend a different insured does not affect our conclu *627 sion. That attorney litigated the claim to settlement after the insured had explicitly declined representation, and both sides’ retained legal ethics experts agreed an attorney cannot ethically represent an insured who has refused representation. We do not believe another attorney’s questionable conduct under materially different circumstances sheds light on whether Assurance demonstrated due diligence in seeking MDF’s consent.
2. Assurance also established that MDF’s failure to assent to Ms. Paris’ proffered representation was willful. There is no dispute that Foster received considerable correspondence, including the personally served letter, detailing the importance of his consent or that he purposefully refused to open those letters. He is therefore deemed to have known Ms. Paris could not file an answer on MDF’s behalf without his consent, see Bechtell v. City of Salem, 226 Or. 1, 358 P.2d 563, 566 (1961) (“Willful ignorance is equivalent, in law, to actual knowledge. One who abstains from inquiry when inquiry ought to be made cannot be heard to say so, and to rely upon his ignorance.” (internal quotation marks omitted)), so his refusal to consent was willful, see State ex rel. Nilsen v. Johnston, 233 Or. 103, 377 P.2d 331, 333 (1962) (“In civil cases the word ‘willful,’ as ordinarily used in courts of law, does not necessarily imply anything blamable ... but merely that the thing done or omitted to be done was done or omitted intentionally.” (internal quotation marks omitted)).
2. Assurance established it was prejudiced by MDF’s failure to cooperate. Foster’s refusal to consent resulted in a default judgment against MDF in the underlying action. See Bailey, 474 P.2d at 755-56 (holding entry of default against insured due to insured’s failure to cooperate is sufficient to establish prejudice, as a matter of law, even though trial court has discretion to set aside default judgment). Although the statute governing default judgments that was in effect when Bailey was decided has been repealed, the current default judgment provisions, like the repealed statute, give trial courts discretion to set aside default judgments, compare Or.Rev.Stat. § 18.160 (repealed 1981) with Or. R. Civ. P. 69C & 71B. Bailey’s reasoning therefore remains controlling.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *626 by 9th Cir. R. 36-3.