**Myles REOME, Appellant,**

v.

**Brian GOTTLIEB, et al., Respondent.**

**No. C8–84–949.**

Court of Appeals of Minnesota.

Jan. 8, 1985.

Patricia M. Siebert, Susan L. Lentz, Legal Aid Society of Minneapolis, Inc., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., John M. Burman, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and SEDGWICK, JJ.

## OPINION

PARKER, Judge.

This is an appeal from a judgment awarding appellant Myles Reome attorney's fees under 42 U.S.C. § 1988, arising out of civil rights litigation. The trial court found that Reome's attorneys were entitled to compensation for all hours expended but at an hourly rate less than that requested. He appeals the trial court's determination of the hourly rate. Respondents seek review of the number of hours for which fees

were granted. We affirm in part, reverse in part, and remand.

## FACTS

Reome, a patient at the Minnesota Security Hospital, filed an action against the medical director of the hospital, the Commissioner of the Department of Public Welfare, and the State of Minnesota for declaratory and injunctive relief and damages pursuant to the United States and Minnesota Constitutions and state and federal laws, including 42 U.S.C. § 1983. Reome sought (1) greater due process protection before imposition of extended seclusion; (2) appropriate treatment while in seclusion; and (3) damages "in an amount greater than $50,000."

Before trial, the State agreed to establish new procedures before placing patients in seclusion, provide appropriate treatment, and pay Reome $1,000 in damages. The settlement was incorporated into a consent decree signed by the trial court.

Subsequently, Reome moved for attorney's fees under 42 U.S.C. § 1988. Three attorneys employed by the Minnesota Mental Health Law Project and the Legal Aid Society of Minneapolis, Inc., participated in representing Reome. Reome requested fees as follows:

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|
| Eric Janus | 42.75 × | $100 = | $ 4,275.00 |
| Susan Lentz | 110.85 × | 100 = | 11,085.00 |
| Patricia Siebert | 128.65 × | 65 = | 8,362.25 |
| Total attorney's fees requested: | | | $23,722.25 |

In support of his request Reome submitted information about his attorneys' background and experience and affidavits from several local attorneys. The State did not challenge the reasonableness of the hourly rates requested and did not submit any evidence on the issue.

The trial court found Reome's attorneys were entitled to compensation for all hours expended but concluded that an hourly rate of $40 for preparation time and $50 for in-court time was appropriate. This resulted in an award of $11,290 plus costs. The court based its hourly rate award on the

rate of compensation which the Mental Health Division of the court allows for its Commitment Defense Panel.

Reome appeals on the issue of hourly rates, and the State filed a notice of review raising as an issue the attorneys' entitlement to compensation for all hours requested.

## ISSUES

1. In awarding attorney's fees under 42 U.S.C. § 1988, did the trial court err by setting an hourly rate equal to that allowed attorneys serving on the court's Commitment Defense Panel rather than the prevailing market rate for civil rights attorneys in the local community?

2. In awarding attorney's fees under 42 U.S.C. § 1988, did the trial court abuse its discretion in finding that Reome's attorneys were entitled to compensation for all hours spent on the litigation?

## DISCUSSION

### Introduction

■ 42 U.S.C. § 1988 provides in relevant part:

In any action or proceeding to enforce a provision of sections * * * 1983, * * * of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Congress' purpose in authorizing fee awards was to encourage compliance with and enforcement of the civil rights laws, and the Act "must be liberally construed to achieve these ends." *Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir.1980). *See also Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 458 (8th Cir.1983).

■ The present case was brought under 42 U.S.C. § 1983. Reome was the prevailing party as defined in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (quoting *Nadeau v. Helgemoe*,

581 F.2d 275, 278–79 (1st Cir.1978)), as a party who prevails on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Thus, Reome met the statutory threshold. It remained for the district court to determine what fee was "reasonable." *Id.*

■ The starting point for determining a reasonable attorney's fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* This case involves the reasonableness of both hours expended and hourly rate.

### Scope of Review

■ In reviewing awards of attorneys' fees an appellate court must apply the following standard:

whether the district court's findings were *clearly erroneous* as to the factual basis for the award, or whether it committed *abuse* as to the discretional margin involved in its allowance.

*Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312 (8th Cir.1981) (quoting *International Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255, 1274 (8th Cir.1980) (emphasis added)). *Accord Hubbard v. United Press International, Inc.*, 330 N.W.2d 428, 441 (Minn.1983).

### I

In *Blum v. Stenson*, —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the U.S. Supreme Court articulated the standard to be applied in determining a reasonable rate for attorney's fees under § 1988. In *Blum* a class of Medicaid recipients in New York won a class action suit brought under 42 U.S.C. § 1983. Their attorneys, a private nonprofit law office, filed a request for attorney's fees under § 1988. The court held:

The statute and legislative history establish that "reasonable fees" under § 1988 are to be calculated according to the *prevailing market rates in the rele-*

*vant community*, regardless of whether plaintiff is represented by private or nonprofit counsel.

*Id.* at ——, 104 S.Ct. at 1547.

In *Blum* the Supreme Court also attempted to provide some guidance for determining the appropriate hourly rate.

> We recognize, of course, that determining an appropriate "market rate" for the services of a lawyer is inherently difficult. * * *
>
> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.*

*Id.* at ——, 104 S.Ct. at 1547 n. 11 (emphasis added).

In this case the trial court applied the rate paid by Hennepin County to attorneys on the Commitment Defense Panel (CDP) for representing individuals in commitment proceedings. Reome claims the court did not properly interpret the legal standard; thus, its decision was clearly erroneous and an abuse of discretion.

The State contends the CDP rate does represent the prevailing market rate for mental health litigation since that is what experienced attorneys who are appointed by the court to represent clients in commitment proceedings in Hennepin County will accept.

With the benefit of the Supreme Court's guidance on determining an appropriate market rate, we conclude the CDP rate is not appropriate. Several factors distinguish the work of CDP and civil rights litigation attorneys. First, CDP attorneys are paid regardless of the outcome of the case, while a claim may only be made under § 1988 by a prevailing party. Hence, the fee arrangement in a civil rights case must be viewed as contingent. Second, while the subject matter of CDP attorneys' work is not simple, it is not within the rubric of civil rights litigation. Both procedurally and in complexity of the issues, civil rights litigation is more difficult. Finally, CDP work involves thorough and diligent protection of the procedural rights of persons threatened with commitment. Civil rights litigation, however, puts a premium on the ingenuity of counsel. The latter also involves the rights of more than one person.

■ Because we find the CDP rate does not meet the *Blum* standard, we remand for an evidentiary hearing on the prevailing market rates in the community for civil rights litigation and how the attorneys in this case fit within that rate structure.

## II

The State argues the trial court abused its discretion in allowing Reome attorney's fees for all hours spent on this case because they achieved only limited success.

In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983), the U.S. Supreme Court addressed a similar issue and held:

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. * * * Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Reome basically sought two forms of relief: first, a change in procedures to be followed at the Minnesota Security Hospital when patients are placed in seclusion; and second, $50,000 damages as a result of his placement in seclusion. Reome largely succeeded on the first claim but settled his damages claim for only $1,000. Thus, the State contends the trial court's conclusion that "[p]laintiff attained the principal of his objectives sufficiently to justify the time spent by his counsel on all of his objections" [sic], was clearly erroneous.

■ It was within the trial court's discretion to assess the level of success achieved by Reome's attorneys. The trial court made a finding of fact supported by the evidence that the hours were reasonably spent and applied the appropriate legal standard in deciding that Reome was entitled to full compensation for all hours expended. Hence, the court acted within the bounds of its discretion.

## DECISION

We affirm the trial court's finding that Reome's attorneys were entitled to compensation for all hours spent on this case. We reverse on the issue of hourly rates and remand for an evidentiary hearing on the prevailing market rates in the community for civil rights litigation and how the attorneys in this case fit within that rate structure.

Affirmed in part, reversed in part, and remanded.