Mary R. SHEPARD, et al., Appellants,

v.

The CITY OF ST. PAUL, Respondent.

No. C1–85–947.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Eric S. Janus, Rebecca A. Knittle, St. Paul, for appellants.

Edward P. Starr, City Atty., Karla F. Hancock, Asst. City Atty., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., LESLIE and NIERENGARTEN, J.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment awarding appellant Mary Shepard attorneys' fees under 42 U.S.C. § 1988. The trial court reduced the claimed fees by eighty-seven percent without explanation. We reverse and remand.

## FACTS

Mary Shepard and others (collectively referred to as Shepard) sought to distribute "peace and social justice literature" in Town Square Park in St. Paul without a permit as required by City ordinance. She was tagged for distributing literature without a permit.

Shepard then retained Rebecca Knittle to seek repeal or modification of the St. Paul ordinance. Knittle hired Howard Vogel, a professor at Hamline University Law School and Knittle's husband, to act in an of-counsel capacity, analyze constitutional issues, and draft necessary legal briefs and memoranda. Knittle, who operates out of her home, was to handle the remaining responsibilities and act as lead counsel.

Prior to filing an action, Knittle met with St. Paul officials and their attorneys to discuss proposed compromise solutions. Knittle claims St. Paul indicated a readiness to litigate the legality of the challenged ordinance.

Knittle commenced action on May 20, 1983, pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief on the ground the challenged ordinance violated the constitutional rights of her clients.

Immediately prior to a temporary injunction hearing, the parties entered into a written stipulation temporarily removing Shepard from most of the ordinance's coverage. The stipulation and the order of the court were entered on June 8, 1983.

On February 7, 1984, St. Paul repealed the ordinance. Nine days later, Knittle served St. Paul with a motion for summary judgment. Knittle claims she spent January and February preparing to submit the motion for summary judgment. Knittle further claims that St. Paul did not notify her of the repeal until February 17, one day after she served the motion.

Subsequent to the repeal, Knittle sent a letter to St. Paul requesting attorneys' fees under 42 U.S.C. § 1988, in the amount of $27,486.25 for her work as well as Vogel's work, together with a multiplier of 1.5. St. Paul offered to pay $1,000.

Knittle then hired Eric Janus to pursue the claim for attorneys' fees. St. Paul conceded that Shepard was the prevailing party. Shepard then moved for attorneys' fees as follows:

**Fees on Case in Chief**

| | | |
|---|---|---|
| Rebecca A. Knittle | 131.65 hrs × $95/hr = | $12,506.75 |
| Howard J. Vogel | 63.25 hrs × 120/hr = | 7,560.00 |
| Subtotal | | $20,066.75 |

**Fees for Fee Application**

| | | |
|---|---|---|
| Eric S. Janus | 87.95 hrs × 95/hr = | 8,355.25 |
| Rebecca A. Knittle | 11.0 hrs × 95/hr = | 1,045.00 |
| Howard J. Vogel | 12.0 hrs × 120/hr = | 1,440.00 |
| Subtotal | | $10,840.25 |
| Total Attorneys' Fees | | $30,907.25 |
| Enhancement for Risk and Delay: | | × 1.15 |
| TOTAL CLAIM | | $35,543.00 |
| COSTS | | $ 681.73 |

Knittle presented affidavits from several local attorneys supporting the requested hourly rates and number of hours as reasonable for attorneys with comparable experience in similar cases or areas of expertise. St. Paul supplied affidavits from local attorneys, several of whom practiced law out of their home offices, stating that Knittle's claims were unreasonable and excessive.

After oral argument, the trial court awarded Knittle $4,000 based on the following factors: time expended; the nature and difficulty of the legal issues; the results obtained; the fees customarily charged for similar legal services; the experience, reputation, and ability of counsel; and the existing fee arrangements between counsel and client. The court concluded that because the case did not constitute complex litigation and because there were no court appearances, a $4,000 award was sufficient. The trial court noted that Knittle took the case without any promise or expectation of payment. The court concluded: "suffice to say that an extraordinary amount of time and effort was apparently expended throughout, perhaps more than would be deemed necessary by the usual standards of practice in the Courts in this community."

Knittle appeals from the $4,000 award.

## ISSUE

In awarding attorneys' fees under 42 U.S.C. § 1988, did the trial court err when it substantially reduced the amount claimed without making specific findings on the hourly rate allowed and the number of hours considered reasonable?

## ANALYSIS

### Introduction

The "American Rule" with respect to attorneys' fees is that a party is responsible for its own fees. *Jaquette v. Black Hawk County, Iowa,* 710 F.2d 455, 458 (8th Cir.1983). Several statutory exceptions to the rule exist, however. *Id.* Section 1988 of title 42 of the United States Code is one such exception. *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 139 n. 4 (8th Cir.1982). Section 1988 provides in part that:

> In any action or proceeding to enforce a provision of sections * * * 1983, * * * of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs.

42 U.S.C. § 1988 (1982).

In considering 42 U.S.C. § 1988, this court recently noted that "Congress' purpose in authorizing fee awards was to encourage compliance with and enforcement of the civil rights laws, and the act 'must be liberally construed to achieve these ends.'" *Reome v. Gottlieb,* 361 N.W.2d 75, 77 (Minn.Ct.App.1985) (quoting *Dennis v. Chang,* 611 F.2d 1302, 1306 (9th Cir. 1980)).

The present case was brought under 42 U.S.C. § 1983. St. Paul conceded that Shepard and the other appellants were the "prevailing parties." Thus, Shepard met the statutory threshold. It was the trial court's duty to determine a "reasonable" fee. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

In determining what fee is reasonable, the Supreme Court has stated as follows:

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Id.* Like *Reome*, this case involves the reasonableness of both the hours expended and the hourly rate. *See Reome*, 361 N.W.2d at 77.

### Standard of Review

■ The scope of review for an appellate court reviewing an award of attorney's fees is " 'whether the district court's findings were *clearly erroneous* as to the factual basis for the award, or whether it committed *abuse* as to the discretional margin involved in its allowance.' " *Id.* (emphasis in original) (quoting *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312 (8th Cir. 1981)). "[W]hen a district court errs as a matter of law in applying improper standards in an award of fees, an abuse of discretion occurs." *Jorstad*, 643 F.2d at 1312.

### Discussion

■ Attorneys for successful civil rights plaintiffs should recover a fully compensatory fee. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. The legislative goal is to provide a reasonable fee, one that is adequate to attract competent counsel without producing a windfall to attorneys. *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (citation omitted). As noted above, the methodology by which a reasonable fee is calculated is to multiply the reasonable hourly rate by the hours reasonably expended. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. The product of this calculation is termed the "lodestar" figure. *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 13 (D.C.Cir.

1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).

■ In setting the hours reasonably expended, the Supreme Court has directed district courts to disregard hours not reasonably worked. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–1940. Thus, hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from fee request hours. *Id.* Furthermore, hours spent on unsuccessful claims should be excluded. *Id.* at 435, 103 S.Ct. at 1940.

More recently, in *Blum v. Stenson*, the Supreme Court articulated the method to apply in determining the reasonable hourly rate for attorney's fees under 42 U.S.C. § 1988. The court stated that a cost-based standard is inappropriate, and found that "[t]he statute and legislative history establish that 'reasonable fees' under § 1988 are to be calculated according to the *prevailing market rates in the relevant community * * *.*" *Blum*, 465 U.S. at 895, 104 S.Ct. at 1547 (emphasis added).

The court in *Blum* added the following guidelines in determining the prevailing market rate:

We recognize, of course, that determining an appropriate "market rate" for the services of a lawyer is inherently difficult.

\* \* \* \* \* \*

In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate.*

*Id.* at 896, 104 S.Ct. at 1547 n. 11 (emphasis added). *See also Reome,* 361 N.W.2d at 78 (this court discusses *Blum* ).

In this case, the trial court did not articulate the hourly rate it determined to be reasonable and the number of hours it found reasonably expended. Consequently, the trial court did not calculate a lodestar amount. Instead, the trial court "considered all the relevant circumstances," and found that this case could not be classified as complex litigation. The trial court noted that Shepard's motion for summary judgment did not require a court appearance. The court also observed that Knittle undertook this action without any expectation or promise of payment. On this basis, the trial court found that a fee of $4,000 was fair and reasonable, considering the complexity of the case and the time spent on the case by all the attorneys.

Shepard argues that a reduction by eighty-seven percent of fees claimed was a denial of a fully compensatory fee. Moreover, Shepard claims that the trial court abused its discretion because it failed to calculate the lodestar amount and because it failed to make specific findings justifying the substantial reduction in the fee request.

St. Paul claims that the trial court awarded fees commensurate to those charged by attorneys of like experience, skill, and reputation in the community. In addition, St. Paul asserts that Shepard's attorneys spent an unreasonable, unnecessary, and excessive number of hours on this non-complex case. Finally, St. Paul argues that Shepard's claim for fees for litigating the fee claim is excessive, and the number of hours expended was unnecessary.

Normally, a fully compensatory fee "will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. Several courts have stated their disapproval of fee awards not based on the reasonable hours and reasonable hourly rate calculation when the trial court's explanation is inadequate. For ex-

ample, the Sixth Circuit expressed its disapproval of:

> a marked failure on the part of the district courts to explain their reasoning, make necessary findings of fact, or demonstrate the calculations used to arrive at a fee. Such awards may well constitute an abuse of discretion while rendering the award virtually unreviewable. We therefore conclude that a uniform approach to awarding fees, with a requirement that the district court make clear and adequate findings of fact on the record, is necessary in order that we may discharge our statutory duty to award a "reasonable" fee. That which is arbitrary or conclusory is not reasonable, and is not fair to either of the parties involved.

*Northcross v. Board of Education,* 611 F.2d 624, 636 (6th Cir.1979). *See also Taylor v. Jones,* 653 F.2d 1193, 1205 (8th Cir. 1981) (the basis of the trial court's award of attorney's fees should be set forth in detail so the appellate court can adequately review the record).

The Eleventh Circuit has noted that "[a]n adequate explanation of the fee award is absolutely essential to appellate review; without it, review is impossible because no basis exists to judge the trial court's exercise of its discretion. A perfunctory explanation simply will not suffice." *Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327, 332 (11th Cir.1982). The court suggested that trial courts adhere to the following guidelines to insure that the proper basis for a fee award is developed:

> First, the court must "ascertain the nature and extent of services supplied by the attorney." * * * *If the court finds the number of hours excessive, it should identify the hours disallowed and explain why it is disallowing them. If the parties dispute the facts, an evidentiary hearing must be held.* Second, the court must determine the value of the services rendered according to the customary charges in the area and the quality of the work produced. Special experience or expertise, or the lack of it,

will be reflected in the hourly rate allowed. When the court has finished these two steps and arrived at a nominal fee, it should then consider the [other] factors appropriate to the particular case and briefly articulate how each of these factors affect the final compensation.

*Id.* (emphasis added; citation omitted).

██ We make no finding that the $4,000 fee awarded by the trial court was inadequate but cannot affirm such award without a specification by the trial court of the hours reasonably expended nor the hourly rate utilized in arriving at the $4,000 figure. Accordingly, we reverse and remand.

On remand, we direct the trial court to demonstrate the calculations made to arrive at the lodestar amount, with a full explanation as to the number of hours and hourly rate permitted. Because Knittle practices out of her home and Vogel and Janus have offices at local law schools, adjustments in the hourly rates are certainly permitted to reflect the lower overhead expenses resulting from such practices.

In addition, the trial court should consider duplication of research and other work as well as excessive hours. The trial court should specifically inquire into the nature of the 50.20 hours claimed by Janus, hours claimed to have been invested between October 11, 1984, when Janus offered to waive his fees of $2,800 for a complete settlement of the Knittle claim in the sum of $17,000 plus costs, and November 19, 1984, when he claimed $8,355.25 in fees after the prior offer had been rejected.

### DECISION

We reverse and remand the trial court's award of $4,000 in attorneys' fees under 42 U.S.C. § 1988 for failure to articulate the basis of its award. On remand, the trial court must make specific findings regarding the hourly rate and number of hours permitted in arriving at an amount of attorneys' fees awarded.

Reversed and remanded.