Argued January 19, reversed and remanded April 23, 1979

# UNITED PACIFIC INSURANCE COMPANY,
*Appellant,*

*v.*

# PACIFIC NORTHWEST RESEARCH
# FOUNDATION,et al, *Respondents.*
## (No. A 7606-08005, CA 10786)

593 P2d 1278

I. Franklin Hunsaker, Portland, argued the cause for appellant. With him on the briefs were Douglas G.

Houser, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Cleveland C. Corey, of Davies, Biggs, Strayer, Stoel and Boley, Portland, argued the cause for respondents. With him on the brief was Jeffrey Michael Alden, Portland.

Before Schwab, Chief Judge, and Richardson and Roberts, Judges, and Bryson, Judge Pro Tempore.

BRYSON, J., Pro Tempore.

**BRYSON, J.,** Pro Tempore.

Plaintiff insurance company brought this declaratory judgment proceeding seeking a declaration that plaintiff was not obligated to represent defendants in lawsuits resulting from certain medical experiments conducted by defendants. Plaintiff also sought a declaration that it was not obligated to pay for any losses resulting from those experiments.

Both sides moved for summary judgment, which was denied.[1] The matter then proceeded to an unusual trial in which no live testimony was taken. The trial court announced the following without objection by the parties:

> "I recognize the fact that basically, as I have—the Court mentioned in chambers, I am here to determine one thing and one thing only—should United Pacific Company defend any and all of these cases—and not to determine whether the policies would bind the United Pacific Company under liability. * * *"

The trial court, relying on depositions and other exhibits, decided that the insurance company had obligated itself by letter to represent defendants.

Accordingly, the trial court ordered that the insurance company could not withdraw from the defense and dismissed the complaint. The court declined to rule on the issues of whether the insurance company was obligated to defend defendants under the insurance policy and whether the insurance policy covered the experiments in question. The plaintiff appeals.

An inmate of the Oregon State Penitentiary brought the underlying action against the defendants, contending that as a part of the research project they had exposed his genitals to high applications of radiation without informing him of the possible long-term

---

[1] The summary judgment motions were decided by a different circuit court judge, who decided that plaintiff had "failed to establish that the six underlying lawsuits and the experiments were within any of the three policy exclusions * * *." He also decided that defendants had failed to establish their affirmative defenses.

[875]

consequences, thereby causing him injuries. Defendants tendered the defense of the case to plaintiff, which accepted the defense with reservations in a letter dated April 16, 1976. The letter stated in part:

> "At the present stage of proceedings we are uncertain as to whether or not the facts will show that either exclusionary endorsement would be applicable, but since it appears there is a likelihood that either or both would apply we are undertaking the further handling and defense, if any, of this case under a full and complete reservation of rights of all the terms and conditions of the policy, *and United Pacific specifically reserves unto itself the right to withdraw from the defense at any time in the future it should become apparent that either exclusionary endorsement would apply.*" (Emphasis added.)

It does not appear from the record before us that the underlying case has been resolved. While the underlying case was pending, plaintiff brought this declaratory judgment proceeding as discussed above.

Plaintiff insurance company's first assignment of error is:

> "The trial court erred in dismissing Plaintiff's complaint for declaratory judgment based on findings and conclusions that Plaintiff is obligated to continue to defend the Defendants because of a Reservation of Rights."

We hold that this contention is correct, and we reverse the judgment.

█  Although we agree with plaintiff's conclusion, we do not agree with all its reasoning. For example, plaintiff cites the rule that waiver and estoppel cannot extend insurance coverage beyond that provided by the contract of insurance. *Wyoming Sawmills v. Transportation Ins. Co.,* 282 Or 401, 410, 578 P2d 1253 (1978). Plaintiff argues that the same principle applies to the insurance company's obligation to defend, so that even if a company agrees to defend its client, and the client relies to his detriment on the company's promise to defend him, the company can nevertheless

[876]

withdraw from the defense at any time if it appears that the contract does not obligate the company to defend. That is not the law. Even though the insurance contract does not require the insurance company to defend, once the company has commenced its representation of the client it cannot withdraw if such withdrawal would prejudice the client. *Jaloff v. United Auto Indemnity Exch.,* 120 Or 381, 392-93, 250 P 717 (1927); overruled on other grounds in *Godell v. Johnson,* 244 Or 587, 593, 418 P2d 505 (1966); G. Couch, Cyclopedia of Insurance Law § 51:96 (2d ed 1965). Where, however, the company expressly reserves the right to withdraw from the defense, the client cannot legitimately claim prejudice when the company exercises that right.

We do not understand defendants to disagree with these propositions. Their chief argument is that although an insurance company may reserve the right to withdraw from the defense, plaintiff in this case imposed certain conditions on its right to withdraw and has failed to plead or prove that those conditions have occurred. The issue on appeal thus boils down to a question of the proper construction to be placed upon the above-quoted language from plaintiff's letter of April 16.

Had plaintiff simply reserved the right to withdraw "at any time in the future," this case would present no problem. However, plaintiff added the words "it should become apparent that either exclusionary endorsement would apply." Defendants argued, and the trial court found, that the added language meant (1) that the facts known to the company on April 16 did not make it apparent that either exclusionary endorsement applied, and (2) that *only* upon acquiring *additional* facts that did make it apparent that the exclusions applied would the company withdraw.

Defendants argue in this court that the trial court's findings, including the construction of the letter, must be affirmed if there is any substantial evidence to

[877]

support them.[2] However, the rule as to review of the trial court's findings of fact does not apply to writings. In construing writings, the trial court acts as a court, not as a jury; thus, the construction of writings is a matter of law as to which an appellate court may substitute its judgment. ORS 17.245; *Lake Co. Lbr. Co. v. Underwood Lbr. Co.,* 140 Or 19, 26, 12 P2d 324 (1932). An appellate court is bound by the findings of the finder of fact as to the meaning of ambiguous writings;[3] however, we do not find the letter to be ambiguous. Rather, we interpret it to reserve the right to withdraw from the defense as soon as it is determined that the exclusions apply. Such a determination requires thorough examination of the facts in hand. The letter simply states that the insurance company had not yet had time to examine the facts thoroughly and that it would defend until it had made such an examination. We interpret the words "it should become apparent" to impose an objective standard on the company's right to withdraw. That is, the company could not withdraw just because it decided that the exclusions applied. Instead, it must have been objectively apparent that the exclusions applied.

The trial court's construction of the letter must be reversed. This result does not dispose of the case, however, because the insurance policy may still obligate the company to defend.[4]

Reversed and remanded for further proceedings in accordance with this opinion.

---

[2] This is, of course, the standard rule for review of verdicts rendered by trial courts sitting as finders of fact in law actions. ORS 17.435; Oregon Constitution, Amended Art VII, § 3; *Rosalez v. Unigard Ins. Co.,* 283 Or 63, 66-67, 581 P2d 945 (1978).

[3] *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978); *May v. Chicago Insurance Co.,* 260 Or 285, 292-93, 490 P2d 150 (1951).

[4] This determination will require a determination of whether the plaintiff's complaint in the underlying action states any act by defendants that is covered by the policy. *Paxton-Mitchell Co. v. Royal Indemnity Co.,* 279 Or 607, 610-11, 569 P2d 581 (1977). As noted above, however, the trial court specifically limited the issue in this case to exclude the issue of

coverage under the policy, and the parties did not object. Thus, under the issues as formulated below, the issue of coverage is not before us. We therefore decline plaintiff's invitation to decide the issue of coverage; we leave that determination to the trial court.