**COMMERCE & INDUSTRY INSURANCE COMPANY**, Plaintiff, Counter–Defendant–Appellant, v. **BANK OF HAWAII**, Defendant, Counter–Claimant–Appellee, and **JOHN DOES 1–10, JANE DOES 1–10, DOE CORPORA-TIONS 1–10**, and **DOE GOVERNMENTAL ENTITIES 1–10**, Defendants

NO. 15715

(CIV. NO. 88–3843–12)

JULY 13, 1992

LUM, C.J., WAKATSUKI, AND LEVINSON, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF MOON, J., RECUSED, AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE HEEN, IN PLACE OF KLEIN, J., RECUSED

OPINION OF THE COURT BY LUM, C.J.

From a declaratory judgment action to determine the scope of plaintiff–appellant Commerce & Industry Insurance Company's (CIIC) duty to defend, CIIC appeals an order granting summary judgment in favor of defendant–appellee Bank of Hawaii (BOH) and holding that CIIC had a duty to defend BOH even after claims covered by CIIC were dismissed in the underlying litigation.

We agree with the lower court that dismissal of the emotional distress claim which gave rise to the initial duty to defend did not finally dispose of the potential for coverage. Because the dismissal of the claim giving rise to coverage was not made final and appealable, CIIC's refusal to pay the continued costs of defending the entire suit was improper.

## I.

In 1986, BOH filed an action against Business Phones Hawaii, Inc. (Business Phones), Anthony Geary (Geary) and Christy Kawabata (Kawabata) to collect on a debt. Business Phones, Geary, and Kawabata filed counterclaims based on alleged misrepresentations made by BOH during the course of negotiations for the loan, and Geary and Kawabata also alleged emotional distress. CIIC, BOH's general liability insurance carrier, acknowledged a potential for coverage as to the emotional distress claims and a concomitant duty to defend. Rather than hiring separate counsel to defend the suit, CIIC agreed to pay a portion of the hourly rate of the law firm hired by BOH to collect the loan. Notably, CIIC denied coverage for any counterclaim except emotional distress but did not expressly reserve its right to discontinue payment for the defense of the suit where those claims became inactive or resolved.

On September 22, 1988, the trial court issued an order granting BOH's Motion for Judgment on the Pleadings or Alternatively

for Summary Judgment on the asserted emotional distress claims brought by Kawabata and Geary. On October 24, 1988, Kawabata filed a motion pursuant to Rule 54(b), Hawaii Rules of Civil Procedure (HRCP), to certify the order as a final order for the purposes of appeal which the lower court finally granted on May 23, 1989. Neither Geary nor BOH filed a motion for HRCP Rule 54(b) certification as to the dismissal of Geary's claim for emotional distress.

CIIC agreed to bear the attorneys' fees and costs associated with the Kawabata appeal of the emotional distress claim. Eventually, the Kawabata appeal was dismissed without briefing or argument. *Bank of Hawaii v. Business Phones, Inc.*, No. 13927, *appeal dismissed per stipulation* (May 11, 1990).

On October 12, 1988, CIIC informed BOH that with the dismissal of claims for emotional distress, the obligation to afford a defense no longer existed and that CIIC would no longer be responsible for any portion of the litigation costs. When it became clear that BOH disagreed with the position taken by CIIC with regard to CIIC's continued obligation to pay for defense, CIIC filed the instant declaratory judgment action.

In this declaratory action, the court below held that the duty to defend extends to the entire suit and did not cease where the dismissal of the Geary emotional distress claim lacked finality. At issue in this appeal is whether CIIC had a duty to continue to pay for the defense during the period of litigation following the dismissal of Kawabata's emotional distress claim until HRCP Rule 54(b) certification and dismissal of Geary's emotional distress claim without certification.

## II.

The insurer's duty to defend its insured is contractual in nature and this court must look to the language of the particular policy involved to determine the scope of that duty. *Hawaiian Ins. & Guar. Co. v. Blair, Ltd.*, 6 Haw. App. 447, 449, 726 P.2d 1310, 1312 (1986). The policy here in question states,

> the company shall have the right and duty to defend any suit against the insured seeking damages on account of [covered claims] . . . , even if any of the allegations of the suit are groundless, false or fraudulent. . . .

Thus, the obligation to defend under this policy, as with most liability insurance policies, is broader than the duty to pay claims and arises wherever there is the mere potential for coverage. *See, e.g., First Ins. Co. of Hawaii v. State,* 66 Haw. 413, 420, 665 P.2d 648, 653 (1983); *Standard Oil Co. of California v. Hawaiian Ins. & Guar. Co.,* 65 Haw. 521, 654 P.2d 1345 (1982). Furthermore, "where a suit raises a potential for indemnification liability of the insurer to the insured, the insurer has a duty to accept the defense of the entire suit even though other claims of the complaint fall outside the policy's coverage." 66 Haw. at 417, 665 P.2d at 652.

The converse of the rule that the duty arises wherever there is a potential for coverage and extends to a defense of the entire suit is also true. " 'Where pleadings fail to allege any basis for recovery within the coverage clause the insurer has no obligation to defend.' " *Hawaiian Ins. & Guar. Co. v. Blair, Ltd.,* 6 Haw. App. 447, 449, 726 P.2d 1310, 1312 (1986) (quoting 7C J. APPLEMAN, INSURANCE LAW AND PRACTICE § 4684.01 at 91 (Berdal ed. 1979)); *see also Sturla, Inc. v. Fireman's Fund Ins. Co.,* 67 Haw. 203, 211, 684 P.2d 960, 965 (1984) (where there is no potential for indemnification, there is no duty to defend).

Between the maxim that the duty to defend arises where there is a potential for covered liability and the maxim that there is no duty to defend where there is no potential for coverage, courts have oft quoted the following rule enunciated by Judge Learned Hand:

> It follows that, if the plaintiff's complaint against the insured alleged facts which would have supported a recovery covered by the policy, it was the duty of the defendant to undertake the defence, until it could confine the claim to a recovery that the policy did not cover.

*Lee v. Aetna Casualty & Sur. Co.,* 178 F.2d 750 (2d Cir. 1949). "An insurer has a duty to proceed in defense of a suit, at least to the point of establishing that liability upon which plaintiff was relying was in fact not covered by the policy, and not merely that it might not be."[1] 7C J. APPLEMAN, INSURANCE LAW AND PRACTICE § 4683.01 at 69 (Berdal ed. 1979). *See California Union Ins. Co. v. Club Acquarius, Inc.,* 113 Cal. App. 3d 243, 169 Cal. Rptr. 685 (1980) (where trial is bifurcated on damages issue and covered claims have been eliminated, the duty to defend terminates); *Lockhart v. Allstate Ins. Co.,* 119 Ariz. 150, 579 P.2d 1120, 1122–23 (1978) (no duty to defend where initial trial determines no covered liability and court orders new trial on damages for an uncovered claim). *See also* ALLAN D. WINDT, INSURANCE CLAIMS AND DISPUTES § 4.26 (1988) (withdrawal is permissible where there is partial judgment with regard to covered acts).

"[T]he duty to defend is not contingent on actual liability as determined by the results of trial." *Id.* The duty to defend is not outcome–determined but merely depends on a potential for coverage and " 'is determined at the time suit is brought and not at the conclusion of litigation.' " 66 Haw. at 420, 665 P.2d at 653. "[A]n insurer's 'ultimate non–liability should not free it from its concurrent contractual duty to defend.' " *Id.* (quoting *First Ins. Co. of*

---

[1] Because BOH had retained its own counsel, this is not a case where issues of prejudice to the insured arise and we do not address that question herein.

When the insurer begins the defense of its insured and then determines that it is not obligated to do so, it can not withdraw if that action would prejudice the insured unless the insurer has expressly reserved its right to withdraw. . . . The insured therefore, has the right to expect that once the insurer undertakes the defense it will continue its representation until it gives notice of withdrawal to allow the insured to obtain personal counsel or take other measures to protect its interest.

1A ROWLAND LONG, THE LAW OF LIABILITY INSURANCE § 5.28 at 198–99 (1992). *See also United Pac. Ins. Co. v. Pacific Northwest Research Found.,* 39 Or. App. 873, 593 P.2d 1278 (1979) ("once the company has commenced its representation of the client it cannot withdraw if such withdrawal would prejudice the client").

*Hawaii v. Continental Casualty Co.*, 466 F.2d 807, 811 (9th Cir. 1972)).

## III.

In the instant case, CIIC recognized a potential for coverage and assumed a duty to defend when it agreed to pay the costs of defending the counterclaims in the Business Phones case. CIIC maintains that the duty to pay the costs of defense ended when the emotional distress claims giving rise to potential coverage were dismissed. As to the Kawabata emotional distress claim, it is evident that CIIC adequately fulfilled its duty to defend BOH by agreeing to pay the costs incurred in the appeal process.

As to the Geary emotional distress claim, the issue is what effect the lack of HRCP Rule 54(b) certification had upon the dismissal entered against Geary. HRCP Rule 54(b) states:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim, or third–party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added). HRCP Rule 54(b) makes absolutely clear the tentative nature of a dismissal of a claim prior to issuance of a judgment as to all claims or parties.

An insurer has a duty to proceed in defense of a suit to the point of establishing that liability upon which the plaintiff is relying is in fact not covered by the policy, and not merely that it might not be. The duty to defend continues until the potential for liability is finally resolved, which in this case would require CIIC to remain obligated to defend until either HRCP Rule 54(b) certification was granted and the appeal period had expired or a final judgment had disposed of the entire case. In this case, as to Geary's emotional distress claim, CIIC's potential for liability remained until the conclusion of the litigation, and therefore its duty to defend continued.

## IV.

The trial court awarded the Bank fees and costs in defending the declaratory judgment action pursuant to Hawaii Revised Statutes (HRS) § 431:10–242 (1987 Spec. Pamphlet), which provides as follows:

> Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired the rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.

Here, CIIC contested its continued duty to pay for the defense of the Business Phones counterclaims and initiated the instant suit. Since the lower court was correct in ordering CIIC to continue to pay the costs of defense, the statute clearly provides that BOH was also entitled to reasonable attorneys fees and costs for this declaratory action.

## V.

The judgment of the lower court is affirmed.

*Roy F. Hughes* (*Stuart N. Fujioka* with him on the opening brief) for plaintiff, counter–defendant–appellant.

*Dorothy Sellers* of Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki for defendant, counter–claimant–appellee.