James A. FRANKLIN, et al., Appellants (C6–96–1684), Respondents (C6–96–1748),

v.

WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Respondent (C6–96–1684), Appellant (C6–96–1748).

Nos. C6–96–1684, C6–96–1748.

Court of Appeals of Minnesota.

Jan. 21, 1997.

Richard T. Thomson, David A. Harbeck, Lapp, Laurie, Libra, Abramson & Thomson, Chartered, Minneapolis, for James A. Franklin, et al.

James T. Martin, Dan T. Ryerson, Gislason, Martin & Varpness, P.A., Edina, for Western National Mutual Insurance Company.

Considered and decided by HUSPENI, P.J., TOUSSAINT, C.J., and LANSING, J.

## OPINION

LANSING, Judge.

In a declaratory judgment action, the district court ruled that an allegation against the insured for trespass by refusing to remove an outdoor advertising sign was arguably within the scope of an insurance policy's coverage for "wrongful entry or eviction or other invasion of the right of private occupancy." We affirm the court's declaration that the insurer had a duty to defend until the trespass claim was dismissed, but reverse and remand for reconsideration of the court's award of attorneys' fees and costs.

## FACTS

James and Keith Franklin own Franklin Outdoor Advertising Company (collectively "Franklins"). In the 1980s Franklins constructed two billboards on land they had leased from Harvey Laudenbach in Stearns County. In 1993 Laudenbach and his wife Adeline Laudenbach entered into negotiations to sell part of the property. Franklins and Laudenbachs disagreed on the lease provisions relating to sale and Laudenbachs brought an unlawful detainer action.

The unlawful detainer suit was dismissed, and Franklins then brought an action in Stearns County District Court to construe the lease. Laudenbachs counterclaimed, alleging fraud, slander of title, unlawful trade practices, violation of real estate laws, breach of contract, and trespass. In October 1993 Franklins tendered defense of the action to Western National, their insurer under a comprehensive general liability insurance policy. Western National rejected the tender, and Franklins brought this declaratory judgment

action in Hennepin County to determine Western National's duty to defend.

The Stearns County District Court issued a summary judgment order in the underlying suit in July 1994. The order dismissed several of Laudenbachs' claims against Franklins, including their claim for trespass. Several days later the Hennepin County District Court issued an order concluding that Western National had a duty to defend Franklins up to the time the trespass claim was dismissed. Following a premature appeal to this court, the Hennepin County District Court issued an order awarding Franklins their attorneys' fees and costs.

## ISSUES

I.   Did Western National have a duty to defend Franklins against Laudenbachs' trespass claim?

II.   Did the district court err in limiting the insurer's duty to defend to the time preceding summary judgment dismissal of the covered claim?

III.   Did the district court properly calculate attorneys' fees?

## ANALYSIS

### I

■ An insurer has a duty to defend if "any part of the claim is arguably within the scope of coverage afforded by the policy * * * ." *Brown v. State Auto. & Cas. Underwriters*, 293 N.W.2d 822, 825 (Minn.1980). The insurer has the burden of proving that it has no duty to defend, and "[a]ny ambiguity regarding coverage is resolved in favor of the insured." *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 316 (Minn.1995). Generally, the duty to defend is determined by comparing the complaint with the policy language. *Id.* But it is not necessary that the complaint be pleaded in the language of the insuring document. *Ross v. Briggs & Morgan*, 540 N.W.2d 843, 848 (Minn.1995). The interpretation of an insurance contract presents a question of law, which appellate courts review de novo. *See Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn.1992).

■ Western National's policy provided Franklins personal injury liability coverage for "wrongful entry or eviction or other invasion of the right of private occupancy." Laudenbachs alleged that Franklins committed trespass by intentionally and unlawfully refusing to remove their signs from Laudenbachs' premises. Although Laudenbachs' complaint did not expressly allege an invasion of a right of private occupancy, the duty to defend arises when a claim is "arguably" within coverage. Laudenbachs' complaint clearly alleged that Franklins were wrongfully on their land. This cause of action is arguably within the scope of coverage for "wrongful entry or eviction or other invasion of the right of private occupancy." The Eighth Circuit has found coverage under a similar provision for invasion of the plaintiff's "right of private occupancy." *Hartford Accident & Indem. v. Krekeler*, 491 F.2d 884 (8th Cir.1974).

■ Western National argues that the July 1994 summary judgment dismissing Laudenbachs' trespass claim demonstrates that there was no action for trespass, and therefore Western National had no duty to defend. But whether an insurer has a duty to defend is determined at the time of tender and initial investigation. *See SCSC*, 536 N.W.2d at 316 (insurer's obligation to defend is generally decided by comparing language of complaint and any other known facts with policy language; if insurer refuses to defend, party may recover attorneys' fees from time defense was tendered); *Haarstad v. Graff*, 517 N.W.2d 582, 584–85 (Minn.1994) (when deciding whether to accept tender, insurer may consider facts outside complaint; if those facts establish that claim is not covered, insurer has no duty to defend); *Republic Vanguard Ins. Co. v. Buehl*, 295 Minn. 327, 333, 204 N.W.2d 426, 430 (1973) (insurer has duty to defend if allegations of suit are within policy coverage, even if allegations may later prove to be groundless); *Pedro Cos. v. Sentry Ins.*, 518 N.W.2d 49, 51 (Minn. App.1994) (stating that duty to defend is evaluated at time of tender). The district court correctly analyzed the duty to defend based on the circumstances of the October

1993 tender, not at the time of the July 1994 dismissal.

Western National's two remaining arguments against coverage are also unpersuasive. First, even accepting the assertion that Laudenbachs and Franklins agreed in October 1993 that Laudenbachs would not enforce their trespass claim pending settlement, the claim was not dismissed. And second, Franklins defending against Laudenbachs' suit by denying that they committed trespass does not bar them from asserting that the claim for trespass is covered by their policy with Western National. An insured's right of defense could not reasonably be conditioned on an admission of liability. *See Republic*, 295 Minn. at 333, 204 N.W.2d at 430 (even when allegations are groundless, an insurer must defend if allegations are within policy coverage).

## II

When an insured defends an action by a third party, the insured is entitled to recover its attorneys' fees from an insurer who had a duty to defend the action on the insured's behalf. *SCSC*, 536 N.W.2d at 316. The insured is also entitled to recover its attorneys' fees from the insurer in a declaratory judgment action that determines the insurer's duty to defend. *Id.* at 319.

Franklins' first challenge to the court's order on attorneys' fees and costs is that it incorrectly limited the duty of defense to the time preceding the dismissal of the trespass claim.

If any claim against an insured, when proved, would require the insurer to indemnify the insured, then the insurer must defend against all claims. *Mutual Serv. Cas. Ins. Co. v. Luetmer*, 474 N.W.2d 365, 368 (Minn.App.1991). The trespass claim was the only claim that was arguably covered by Western National's policy. The district court ruled that when the trespass claim was dismissed, Western National's duty to defend Franklins ended.

Commentators have described the extent of an insurer's duty to defend as:

a duty to proceed in defense of a suit, at least to the point of establishing that liability upon which plaintiff was relying was in fact not covered by the policy, and not merely that it might not be.

7C John A. Appleman, *Insurance Law & Practice*, § 4683.01 at 69 (Walter F. Berdal ed., 1979); *see also* Allen D. Windt, Insurance Claims & Disputes, § 4.26 (1988) (cited in *Commerce & Indus. Ins. Co. v. Bank of Hawaii*, 73 Haw. 322, 832 P.2d 733, 736 (1992)).

Thus, the duty to defend attaches where the elements of a complaint might be within the ambit of the policy and lasts until the stage of proceedings is reached when it is clear that no element of the subject matter of the suit is within the scope of the policy.

Appleman, *supra*, § 4684.01 at 100. This appears to be the prevailing view. *See, e.g., Titan Holdings Syndicate v. City of Keene, N.H.*, 898 F.2d 265, 269 (1st Cir.1990) (stating that if some claims are covered and others are not, insurer "must still defend the entire claim (at least until it is apparent that no recovery under the covered theory can be had) * * * ."); *Lee v. Aetna Cas. & Sur. Co.*, 178 F.2d 750, 753 (2d Cir.1949) (holding that insurer had duty to defend insured "until it could confine the claim to a recovery that the policy did not cover"); *Journal Pub. Co. v. General Cas. Co.*, 210 F.2d 202, 208 (9th Cir.1954) (quoting language in *Maryland Cas. Co. v. Pearson*, 194 F.2d 284, 287 (2d Cir.1952) that insurer was obliged to defend suit "until it could confine the claim to a recovery that the policy did not cover"); *Hartford Accident & Indemnity Co. v. Pacific Indemnity Co.*, 249 Cal.App.2d 432, 57 Cal.Rptr. 492, 494 (1967) (stating that insurer must continue defense until it appears that claim is not covered by policy); *Vappi & Co. v. Aetna Cas. & Sur. Co.*, 348 Mass. 427, 204 N.E.2d 273, 275 n. 3 (1965) (citing *Lee v. Aetna*, 178 F.2d at 753); *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 607 A.2d 1255, 1259 (1992) (stating that duty to defend continues "until every covered claim is eliminated"); *Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 37 N.Y.2d 69, 371 N.Y.S.2d 444, 332 N.E.2d 319, 323 (1975) (stating that insurer's duty to defend is "not an interminable one, and will end if and when it is shown unequiv-

ocally that the damages alleged would not be covered by the policy"); *Eastcoast Equip. Co. v. Maryland Cas. Co.*, 207 Pa.Super. 383, 218 A.2d 91, 95 (1966) (following *Lee v. Aetna*); *cf. City of Bozeman v. AIU Ins. Co.*, 262 Mont. 370, 865 P.2d 268, 273 (1993) (insurer did not have duty to defend appeal where appellant did not appeal issue that was arguably covered by policy); *Lockhart v. Allstate Ins. Co.*, 119 Ariz. 150, 579 P.2d 1120, 1123 (Az.App.1978) (insurer did not have to defend new trial where only issue to be re-litigated in new trial fell within exclusionary provision of policy).

■■■ That an insurer may terminate its defense of an action if all arguably-covered claims have been resolved has also been recognized by the Minnesota Supreme Court. In *State Farm Fire & Cas. Co. v. Williams*, 355 N.W.2d 421, 425 (Minn.1984), the court found no duty to defend following discovery, when an examination of the complaint, the depositions, and a stipulated statement of facts clearly showed that all claims were excluded from coverage. The court stated that there is no duty to defend "when it is established by the insurer that the facts are such that there is no coverage under the policy for any resulting liability." *Id.* at 424–25. This rationale applies to the dismissal of the trespass claim at the summary judgment stage, after an examination of the pleadings and discovery.

### III

■■■ Franklins present three other arguments relating to attorneys' fees and costs. First, Franklins claim that although the district court properly awarded their attorneys' fees and costs incurred in Laudenbachs' action, the court failed to award any attorneys' fees and costs in their declaratory judgment action against Western National. Ordinarily, we defer to the district court's award of fees or costs unless the award is clearly erroneous or evidences an abuse of discretion. *See Amerman v. Lakeland Dev. Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400–01 (1973) (concluding that award of attorneys' fees was not clearly erroneous); *Quade & Sons Refrigeration v. Minnesota Mining & Mfg. Co.*, 510 N.W.2d 256, 260 (Minn.App.1994) (applying abuse-of-discretion standard when reviewing reasonableness of costs under Minn.Stat. § 549.04), *review denied* (Minn. Mar. 15, 1994); *Radloff v. First American Nat'l Bank*, 470 N.W.2d 154, 156 (Minn.App.1991) (stating that abuse-of-discretion standard is to be applied to a district court's award of fees and costs under both Minn.Stat. § 549.21 and Minn.R.Civ.P. 11), *review denied* (Minn. July 24, 1991).

Franklins requested $83,693.96 as attorneys' fees and costs to defend Laudenbachs' action. This amount, when reduced by pretender attorneys' fees and costs in the amount of $16,373.61, resulted in a claim for $67,320.35 as fees and costs in Laudenbachs' action. The district court awarded Franklins a total of $67,320.35 for both Laudenbachs' and Western National's actions (plus an award of $2,000 for a fee paid to an expert for reviewing the fees claimed by Franklins).

■■■ A determination of the reasonable value of attorneys' fees may be based on proof of the value or the court's observation of the services performed. *Larson–Roberts Elec. Co. v. B.C. Burdick*, 267 Minn. 486, 489, 127 N.W.2d 163, 165 (1964). The record does not contain evidence which would demonstrate that the reasonable value of Franklins' attorneys' fees in Laudenbachs' and Western National's actions totaled $67,320.35. Nor did the district court state that it was basing its award in the Western National action upon its observation of the attorneys' services. The district court should provide reasons for an attorneys' fee award. *Cf. Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn.1987) (stating that reviewing court will not reverse a trial court's award of denial of attorneys' fees absent abuse of discretion); *Shepard v. City of St. Paul*, 380 N.W.2d 140, 145 (Minn.App. 1985) (reversing and remanding to trial court to explain calculations used in determining fees awarded under federal civil rights statute).

■■■ Second, Franklins assert that they are entitled to interest on their attorneys' fees and costs. We decline to decide this issue because it was not addressed by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (citing *Rehber-*

*ger v. Project Plumbing Co.,* 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973)); *Hunt v. University of Minn.,* 465 N.W.2d 88, 95 (Minn.App.1991). While we do not decide this issue, we note that a party is entitled to post-award interest until judgment is finally entered upon an award for the recovery of money. Minn.Stat. § 549.09, subd. 1(a) (1996). Pre-award interest is awarded from the time an action is commenced or the time of a written notice of claim, whichever occurs first. Minn.Stat. § 549.09, subd. 1(b).

Finally, Franklins have moved for attorneys' fees and costs on appeal. When attorneys' fees are authorized by statute at the district court level, those fees should not be "diluted" by a failure to award reasonable fees on appeal for time spent defending the judgment. *Hughes v. Sinclair Mktg., Inc.,* 375 N.W.2d 875, 879 (Minn.App.1985), *aff'd in part, rev'd in part on other grounds,* 389 N.W.2d 194, 200 (Minn.1986). Likewise, attorneys' fees are appropriate here, where Franklins have incurred the costs of defending the judgment in their favor.

Franklins claim attorneys' fees on appeal in excess of $10,800 and costs and disbursements in the amount of $3,335.74. But Franklins' motion and affidavit do not distinguish between hours spent on the Western National appeal and hours spent on their own appeal. Therefore, within ten days of the filing of this opinion, Franklins are directed to submit a detailed affidavit of fees and costs incurred in defending Western National's appeal. A further order of this court will decide Franklins' motion for attorneys' fees and costs on appeal.

### DECISION

The district court correctly determined Western National's duty to defend Franklins, but we reverse and remand for reconsideration of Franklins' request for attorneys' fees, costs, and interest.

**Affirmed in part, reversed and remanded in part.**